**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EARL R. MAYFIELD,

     Petitioner - Appellant,

v.

TOM RUIZ,

     Respondent - Appellee.

No. 17-2107
(D.C. No. 1:17-CV-00193-JCH-KRS)
(D.N.M.)

_____

**ORDER**
**DENYING CERTIFICATE OF APPEALBILITY**
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.
_____

Plaintiff-Appellant Earl R. Mayfield, appearing pro se, seeks a certificate of appealability (COA) to challenge the district court's dismissal without prejudice of his habeas corpus petition, 28 U.S.C. § 2254. Mayfield v. Ruiz, No. 17-CV-00193-JCH-KRS, 2017 WL 3168972, at *3 (D.N.M. May 19, 2017). We deny his application for a COA and dismiss the appeal.

On February 1, 2017, Mr. Mayfield was convicted of trafficking controlled substances, tampering with evidence, and resisting, evading, or obstructing an officer. Id. at *1. He was sentenced by the state court to 19 years' imprisonment. Id. On February 6, 2017, he filed a federal habeas petition. Id. The district court noted that his direct appeal was still pending in the New Mexico Court of Appeals, State of New Mexico v.

Earl Mayfield, No. D-202-CR-2012-02229 (N.M. Ct. App. appeal docketed Sept. 19, 2017), and therefore dismissed his petition without prejudice for failure to exhaust state court remedies. Mayfield, 2017 WL 3168972, at *3.

We may grant a COA only if Mr. Mayfield establishes that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, the district court denied Mr. Mayfield's habeas petition on procedural grounds for failure to exhaust state court remedies. Mayfield, 2017 WL 3168972, at *3. Reasonable jurists would not debate the correctness of the district court's decision to dismiss Mr. Mayfield's claims on procedural grounds.

Under 28 U.S.C. § 2254(b)(1)(A), an application for a writ of habeas corpus requires a showing of exhaustion. A federal court should not grant an application for a writ of habeas corpus by a state prisoner unless the prisoner has "give[n] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Mr. Mayfield has not given the New Mexico state courts such an opportunity. His appeal is still pending before the New Mexico Court of Appeals. See Mayfield, No. D-202-CR-2012-02229.

Therefore, we DENY Mr. Mayfield's request for a COA, DENY his motion to proceed in forma pauperis (IFP), and DISMISS the appeal.

Entered for the Court

Paul J Kelly, Jr.
Circuit Judge